# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ESTELLE AND WARREN MARTIN** | **CIVIL ACTION** |
| **VERSUS** | **No. 06-8141** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **SECTION "C"** |

## <u>ORDER</u>

Before this Court is a Motion to Remand filed by Plaintiffs Estelle and Warren Martin ("Plaintiffs"), in which they allege that the amount in controversy does not meet the jurisdictional minimum.  Rec. Doc. 6.  Furthermore, they allege that this court has jurisdiction over their flood claim, but that the defendant, State Farm Fire and Casualty Company ("State Farm") is abusing this court by seeking removal.

The parties may neither consent to nor waive federal subject matter jurisdiction.  *Simon v. Wal-Mart Stores, Inc.*, 193 3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Dolombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  *Id.*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).  It is the recognized burden of the

party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indeminty Co. v. Red Cab Co.,* 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936)); *Diefenthal  v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).

   In its Notice of Removal, State Farm alleges that this court has jurisdiction to hear this case under 28 U.S.C. § 1331, because, the Plaintiffs assert claims under their flood insurance policy, which was issued under the National Flood Insurance Program ("NFIP") by State Farm. Claims regarding the adjusting of a flood policy issued under the NFIP are federal questions and thus the federal court has jurisdiction. *Downey v. State Farm Fire & Casualty Co.,* 266 F.3d 675 (7th cir. 2001).  The facts show that this case does involved a flood policy issued under the NFIP, which is a federal question.  Based on the record and the law, the Court finds that it has subject matter jurisdiction.

   IT IS ORDERED that the Motion to Remand filed by the Plaintiffs is hereby **DENIED**.


   New Orleans, Louisiana, this 13th day of November, 2006.



                              HELEN G. BERRIGAN
                              UNITED STATES DISTRICT JUDGE

3